JFB:bb

STATE OF CONNECTICUT *v.* JOHN A. ALMEDA, JR.
(12157)

HEALEY, SHEA, DANNEHY, CALLAHAN and ASPELL, Js.

Argued May 9—decision released June 18, 1985

508

*C. Robert Satti, Sr.,* state's attorney, with whom was *Michael L. Regan,* for the appellant (state).

*Chester W. Fairlie,* special public defender, for the appellee (defendant).

DANNEHY, J. This is the second appeal of this case to this court. The material facts are stated in *State* v. *Almeda,* 189 Conn. 303, 455 A.2d 1326 (1983). On the last appeal we remanded the case for further articulation because the trial court's findings on the issue of actual juror bias were incomplete. Id., 314. The scope of the remand required that the trial court make an explicit finding of the ultimate fact to be proved, actual bias on the part of a juror.

The trial court, *Hendel, J.,* made findings of fact after remand similar to those found prior to the first appeal. On the basis of those facts, the trial court, in its further articulation, found actual bias upon the part of a juror. On remand, the trial court abandoned any reliance on *Mares* v. *State,* 83 N.M. 225, 490 P.2d 667

(1971), and applied the correct legal standard in finding actual bias on the part of a juror. *State* v. *Almeda,* supra, 312–13.

There is no error.[1]

In this opinion HEALEY, SHEA and ASPELL, Js., concurred.

CALLAHAN, J., dissenting. I respectfully dissent. I see nothing in the record which could reasonably result in a finding of actual bias on the part of the juror by the trial judge.

[1] On the first appeal, we decided that "[i]f a finding of actual bias appears on the record, there is no error." *State* v. *Almeda,* 189 Conn. 303, 314, 455 A.2d 1326 (1983). The effect of our decision today is to uphold the trial court's order of a new trial.